UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RUSSELL SCHMERMUND                                                                           PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:07cv1213-LTS-RHW

NATIONWIDE MUTUAL INSURANCE COMPANY                                  DEFENDANT

## ORDER

There are numerous pending motions *in limine* in this cause of action. Discussion at the pretrial conference indicated that several are unopposed or without dispute, and the Court will dispose of them first. The following motions are **GRANTED** (the Defendant will be referred to as Nationwide):

Nationwide's [182] Motion *in limine* to Exclude any and all Testimony, Evidence, and Argument Regarding Claims Other than Plaintiff's Claims Against Nationwide;

Nationwide's [183] Motion *in limine* to Exclude any and all Testimony, Evidence, and Argument Regarding Insurance Carriers Other than Nationwide;

Nationwide's [184] Motion *in limine* to Exclude any and all Testimony, Evidence, and Argument Regarding any Government Investigation of the Insurance Industry's Response to Hurricane Katrina;

Nationwide's [186] Motion *in limine* to Exclude Testimony, Evidence, and Argument Regarding the Amount of Available Benefits Under the Subject Insurance Policy (Plaintiff does not dispute the remaining amounts of the policy's four basic coverages);

Nationwide's [187] Motion *in limine* to Exclude Evidence, Testimony, or Argument Concerning Debris Removal Coverage or Expenditures (Plaintiff does not dispute that this coverage is separate from coverage and expenditures for tree removal, and that there is no issue with respect to debris removal coverage);

Nationwide's [188] Motion *in limine* to Exclude Evidence, Testimony, or Argument Relating to Mississippi Department of Insurance Bulletins and Related Correspondence;

Nationwide's [189] Motion *in limine* to Exclude any and all Testimony, Evidence, and Argument Regarding Nationwide's Unsuccessful Motions (this ruling applies with equal force to Plaintiff's unsuccessful motions);

Nationwide's [193] Motion *in limine* to Exclude any and all Testimony, Evidence, and Argument Regarding any Alleged Agent Misrepresentation; and

Nationwide's [195] Motion *in limine* to Exclude Evidence, Testimony, or Argument Regarding Settlement Discussions or Mediation Proceedings (pursuant to Fed. R. Evid. 408).

Turning now to almost all of the disputed *in limine* motions (except as noted below), Nationwide's [185] request to exclude evidence, testimony, or argument relating to Option K coverage is **GRANTED**. Option K is entitled "Replacement Cost Plus (Dwelling) (Increased Coverage A Limit)," and requires Plaintiff to actually and necessarily spend an amount in excess of the dwelling limit of liability to repair or replace the covered dwelling in order to qualify for the increased coverage. This repair or replacement has not occurred, and to allow recovery for such benefits would nullify the clear and unambiguous terms of the subject insurance policy. It is no answer that the refusal to pay all available benefits prevents reconstruction of the dwelling (which is not the case here, because some policy proceeds were paid and Plaintiff received a sizeable MDA grant), for the Court has rejected this argument in other cases. *See Aiken v. USAA, et al.*, No. 1:06cv741 (docket entries [278] and [284]); *Penthouse Owners Association, Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:07cv568 (docket entries [193], [202], and [213]).

Nationwide's [192] Motion *in limine* regarding Plaintiff's testimony as to cause of damage is **DENIED, WITHOUT PREJUDICE**. Plaintiff will be allowed to develop evidence of what he saw at the property after the storm, but the Court reserves the right to reconsider this motion if there is not a sufficient evidentiary basis for the Plaintiff (or any other witness) to support a reasonable inference of the type of peril that caused the damage they observed.

The Court will reserve a ruling on Nationwide's [191] [199] requests to exclude testimony of third party witnesses. At the pretrial conference, the Court allowed Nationwide to depose certain of these witnesses, but expressly withheld a position on the admissibility of the proposed testimony. Therefore, these motions will be **HELD IN ABEYANCE** pending a ruling by the Court on the admissibility of testimony to be offered at trial, as will the motion [194] dealing with a 2005 appraisal report concerning Plaintiff's property. In a related [196] motion, which is **GRANTED**, the Court will follow its past practice of not allowing the introduction of deposition testimony, except for the purpose of impeachment, if a witness appears at trial and may be called to testify live. Likewise, any local witness who is not shown to be unavailable will be required to appear and testify live rather than through deposition testimony. The Court established at the pretrial conference notification requirements for the parties to follow in connection with the calling of witnesses at trial. Finally with respect to Nationwide's motions, the Court will address in a separate order the [164] Motion to Strike Expert Report of Ted Biddy and the [200] Motion *in limine* regarding testimony that Plaintiff's property was destroyed solely by wind.

Plaintiff's [203] Motion *in limine* is divided into six parts, but only one remains viable, as will be explained below in more detail. Plaintiff's request to exclude evidence of the details of his application for the MDA grant application details and the amount of the MDA grant is

**GRANTED IN PART** and **DENIED IN PART**. This is addressed in the Court's [235] Order in this cause of action: "At the same time, the award and receipt of the grant is a matter between Plaintiff and MDA, which may be affected by any damages Plaintiff may receive in this cause of action. However, except for the fact that Plaintiff–by participating in the grant process and accepting funds from it–is bound by the flood damage requirement, any other element of the MDA grant process is not admissible as evidence. The probative value of such evidence is substantially outweighed by confusion of the issues or misleading the jury. Fed. R. Evid. 403."

The remainder of Plaintiff's motion deals with matters associated with his claim for mental and emotional distress damages; Nationwide's [190] motion is aimed specifically at excluding this claim. Plaintiff has informed the Court of his decision not to pursue a claim for mental and emotional distress damages. Therefore, evidence surrounding Plaintiff's marital history, the use of insurance proceeds or MDA grant funds, his credit rating or SBA loan application, and his employment status is excluded and Plaintiff's motion is **GRANTED** (as is Nationwide's [190] to exclude Plaintiff's cause of action for mental and emotional distress). The Court reserves a ruling on evidence concerning Plaintiff's criminal history, but it should have been clear from the pretrial conference that hearsay will not be allowed, and the admissibility of any related documentary evidence will be determined by the Court. *See* Fed. R. Evid. 609.

**SO ORDERED** this the 12th day of December, 2008.

> s/ L. T. Senter, Jr.
> L. T. SENTER, JR.
> SENIOR JUDGE